Opinion of the court delivered by
Judge Catron.
Jones sued Vance in assumpsit for building a house, and recovered in the county court $181 34. Vance appealed from the county to the circuit court, and be and Blair and Parsons, gave an appeal bond in these words.
State of Tennessee, Washington county — Know all men by these presents, that we David G. Vance, Peter Parsons, and John Blair, are held and firmly bound unto Daniel Jones in the just and full sum of three hundred and seventy-eight dollars sixty-eight cents, to he void on condition that David G. Vance shall well and truly prosecute his appeal in the circuit court, this day obtained from the county court of Washington, to our next circuit court, to be held for said county on the second Monday in March next, or on failure pay all costs and damages. Witness our hands and seals, this 20th day of January, 1821. David G. Vance, [l. s.]
Peter Parsons, [l. s.]
John Blair, [l. s.]
A verdict and judgment were obtained in the circuit court, for $296 07i; the plaintiff released $55 7l, then moved the court for judgment against the securities on the bond; but the motion was overruled, because the bond was riot taken in conformity to the act of Assembly.
Whether the bond is sufficient, depends upon the provisions of the sixty-third section of the court law of 1794, which provides, that if a party is dissatisfied with the *322 judgment of the county court, he may appeal to the superior court, “but before obtaining the same, shall enter into bond with two sufficient securities, for prosecuting the same with effect, and for performing the judgment, sentence or decree, which the superior court shall pass or make thereon, in cáse such appellant shall have the case decided against him.”
The sixty-fourth section provides, that these bonds shall form part of the record sent up to the court above, where judgment may be entered upon them, on an affirmance of the judgment against the principal and securities. This is a mode of proceeding in violation of common law rules, and upon motion, without notice: hence the statute must be strictly construed, at least its substance, not violated.
What do the securities covenant? That they will pay all costs and damages, if the defendant, Vance, should fail well and truly to prosecute his appeal. They do not covenant that they will pay if he fails to prosecute it with effect, nor do they covenant that they will perform the judgment of the circuit court, in case Vance has the cause decided against him. The covenants required by the statutes are, 1st, that the appellant will prosecute the appeal with effect; 2d, and that the obligors will pay and satisfy the judgment of the superior court in case there is judgment rendered above against the appellant. It is because of this express undertaking, that the securities are liable to have judgment entered against them. Not having undertaken to pay and satisfy the judgment above, this court cannot construe them into liability, when the bond wants all the substantial requisites of the statute.
The clerk may be liable for failing to take a bond pursuant to the statute; but the plaintiff clearly has no remedy against the securities in case of appeal; although the bond might perhaps have been good to bind the securities for damages and costs upon a writ of error prosecuted by virtue of the act of 1811, ch. 72, sec. 12.
Judgment affirm'ed.